UNITED STATES ex rel. TROIANI v. HEYBURN, Sheriff, et al.

UNITED STATES ex rel. KILINSKY v. SWIFT et al.

(District Court, E. D. Pennsylvania.   October 13, 1917.)

Nos. 9, 10.

HABEAS CORPUS ⊚⟞16—REVIEW—DETERMINATION BY MILITARY TRIBUNAL.

Writ of habeas corpus will not issue, when the investigation will in effect be an appellate review of what has been determined by some other tribunal of competent jurisdiction, as determination by the established military tribunal of liability to draft, depending on citizenship, in the absence of arbitrary denial of rights.

Two proceedings in habeas corpus—one, on the relation of Giovanni Troiani against John E. Heyburn, Sheriff of Delaware County, and

⊚⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

another; the other, on the relation of Abraham Kilinsky against Edward Swift and others, members of Local Board for Division No. 8, City of Philadelphia. On petitions for allowance of writs. Allowance denied.

John N. Landberg, Joseph W. Henderson, and Francis Rawle, all of Philadelphia, for petitioners.

T. Henry Walnut, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, opposed.

DICKINSON, District Judge. The technical question raised is whether a writ of habeas corpus should of right issue. The real question is when and how far the courts should invade the domain of military authority. This country has been found and adjudged to be in a state of war. The national defense is an absolute necessity of our existence. The people of the United States have prepared themselves for such a situation by confiding to Congress the power to declare war and to support and maintain armies for the national defense. This is necessarily a master power, to be exercised without the hampering interference of any one. The call of men to the colors is within, and necessarily within, the exercise of this power. To whom the call goes out, and who is to make an answering response, are matters germane to, and indeed necessarily involved in, the exercise of the war-making power. Questions which necessarily arise, or may be expected to arise, must be determined in some way and by some tribunal. The war-making power may therefore provide the required system and constitute the needed tribunals. It is not only lawful, but fitting, that they should be military tribunals.

Congress has constituted such tribunals for the war in which our people are now engaged. The lawful and independent jurisdiction which belongs to other tribunals belongs to them. To this jurisdiction all must submit, and all who are well disposed to our country will willingly submit. Upon whom of those within the prescribed age limits, who have registered, the duty of military service has been imposed, because of their being citizens or denizens who have declared their intention to become citizens; who are to be excluded from the privilege of service, because alien enemies; who are exempt from service, because of the existence of any of the prescribed reasons for exemption; who are ill fitted for the performance of military service; and who have responsibilities and duties elsewhere so imperative and urgent as to prevent active military service—are all matters of which these tribunals have jurisdiction. They, indeed, constitute in an emphatic sense the subject-matter of that jurisdiction. When and within what limits are the courts justified in interfering with the exercise of this necessary jurisdiction and this well-ordered system? To the courts, it is true, has been committed the duty of safeguarding all the rights of the individual, and of course his right to his personal liberty. The writ of habeas corpus is a practically effective and justly valued instrument for the enforcement of that right. It deserves the high tribute and eulogy which counsel for relator has paid to it. The liberty, however, which it protects is liberty under the law.

The power of the court to enforce this writ is limited, as is every other power, to its lawful exercise. Untold numbers of persons are restrained of their liberties, to whom the courts can give no relief. A line defining the limits of their interference must be drawn. It is not a limitation of the power, but in the occasion of its exercise. A recognized line is defined by the query of whether the investigation will in effect be an appellate review of what has been determined by some other tribunal of competent jurisdiction. This is voiced in the maxim or phrase that the writ of habeas corpus cannot be made a substitute for a writ of error. It does not necessarily mean that the courts may not cross this line; but it does mean that the courts recognize the duty of not crossing it, unless the call to do so is imperative, because of want of jurisdiction, usurpation of power, or arbitrary denial of rights. All the facts we are here asked to find either have been or may be determined by other tribunals established by law for this purpose. If they have not been asked to determine them, the relators should be referred to those tribunals. If they have been decided, we see no occasion under the averments of these petitions to exercise an appellate duty which has not been imposed upon the court.

One of the questions raised is that of citizenship. By the express terms of the act, one who is an alien, unless he has declared his intention to become a citizen, is not within the provisions of the Military Service Act (Act May 18, 1917). Whether the fact should be found in favor of a particular relator can be determined by one tribunal as well as by another, and should be determined by that tribunal to which Congress has committed the duty to pass upon it. The fact that some of the relators claim to be subjects of the king of Italy, and by treaty not liable to military service here, we do not see affects the question. The treaty and act of Congress are alike in this respect. The difference is that the fact upon which their exclusion rests is one which upon the demand of the sovereign to whom they owe allegiance may be found, and their release ordered by the Department of State. This, then, is an additional recourse open to them. Many practical reasons buttress the clearly established policy of the law.

All which we are now called upon to determine is that the averments of the petitions in these cases do not move the court to the issuance of the writs, or bring the applicants within the class who may seek the protection of the courts.

The allowance of the writ is therefore in each case denied.