UNITED STATES ex rel. CUBYLUCK v. BELL.

(District Court, E. D. New York. October 17, 1917.)

HABEAS CORPUS ⟨KEY⟩16—EXEMPTIONS—PRESENTATION OF CLAIM.

Under Selective Service Act May 18, 1917, c. 15, §§ 2, 4, 5, 40 Stat. 76, exempting nondeclarant aliens, providing for local and district boards to dispose of exemption claims, but requiring all male persons between 21 and 30 to register, a nondeclarant alien, who did not present his claim for exemption to the local or district boards, and failed thereafter to apply for a reopening of his case pursuant to the regulations, and who has been certified into military service, is not entitled to exemption on writ of habeas corpus, for the act does not of itself excuse

nondeclarant aliens, but requires that their exemption claims be presented to the boards for allowance.

Habeas Corpus. Petition by the United States, on relation of George Cubyluck, for a writ of habeas corpus against J. Franklin Bell, Major General, Commander of the Seventy-Seventh Division of the National Army at Camp Upton, N. Y. Writ dismissed, and relator remanded.

Elias Rosenthal, of New York City, for petitioner.

Melville J. France, U. S. Dist. Atty., of Brooklyn, N. Y., and Henry L. Stimson and James Byrne, both of New York City, opposed.

VEEDER, District Judge. The relator seeks discharge from military service on the ground that he is an alien who has not declared his intention to become a citizen. I think the issue presented is essentially one of statutory interpretation. By the Selective Service Act, approved May 18, 1917, Congress has declared that:

"All male persons between the ages of twenty-one and thirty, both inclusive, shall be subject to registration in accordance with regulations to be prescribed by the President." Section 5.

In express terms the same section provides that:

"All persons so registered shall be and remain subject to draft into the forces hereby authorized, unless exempted or excused therefrom as in this act provided."

Among the classes of male persons therein exempted or excused are aliens who have not declared their intention to become citizens. Section 2.

Having regard to the provisions of section 5, above quoted, it is apparent that facts sufficient to bring a person within any one or more of the classes exempted or excused must be affirmatively proved by such person. The requirement of proof of a fact necessarily involves a tribunal to hear and determine it. In this respect, again, the act is explicit. For obvious considerations of public policy this authority is vested in administrative tribunals. Local boards, appointed by the President, "shall have power within their respective jurisdictions to hear and determine, subject to review as hereinafter provided, all questions of exemption under this act, and all questions of or claims for including or discharging individuals or classes of individuals from the selective draft," except industrial exemptions. Section 4. From such local boards an appeal may be taken to a district board to be established by the President in each federal judicial district; and "the decisions of such district board shall be final, except that, in accordance with such rules and regulations as the President may prescribe, he may affirm, modify, or reverse any such decision." Section 4. Pursuant to the authority vested in him by the terms of the act, rules of procedure have been prescribed by the President with respect to the time and manner in which claims of exemption or excuse shall be presented and heard.

In this case the relator did not present to his local board, in accordance with the regulations, a claim of exemption or excuse from mili-

tary service on the ground of alienage; nor has he ever made such a claim to his district board. He has not even availed himself of the privilege accorded by the regulations of applying to his local board for the reopening of his case. No occasion for judicial intervention appears, and the writ is dismissed.