### SUMMERTIME v. LOCAL BOARD, DIVISION NO. 10, et al.

(District Court, E. D. Michigan, S. D.  November 20, 1917.)

No. 5986.

1. HABEAS CORPUS ☞54—CONSCRIPTION ACT—PETITION FOR RELIEF AGAINST DRAFT BOARD.

Where petition for habeas corpus and certiorari directed to a local board, under Conscription Act May 18, 1917, c. 15, 40 Stat. 76, does not show that the petitioner, denied exemption claim as an alien who has not declared his intention to become a citizen, has complied with the requirements of the act and the regulations thereunder, or has ever presented to the local board and district board the reason of ignorance assigned in his petition for such failure, he not having resorted to the procedure provided by the act before praying for relief from the District Court, the relief asked must be denied.

2. ARMY AND NAVY ☞20—POSSIBLE ABROGATION BY CONSCRIPTION ACT.

The mere fact that an alien was exempt from military service by a treaty with his government, entered into by the United States before the enactment of Conscription Act May 18, 1917, does not necessarily entitle him to exemption from the operation of the Conscription Act, since a treaty, like any other law of the United States, constitutionally may be suspended by Congress.

3. ARMY AND NAVY ☞20—DRAFT ACT—ALIEN—RIGHT TO EXEMPTION.

Petitioner against local and district draft boards for habeas corpus and certiorari to nullify their decision that he, a nondeclarant alien, was not entitled to exemption from the operation of Conscription Act May 18, 1917, was not deprived by the act of any right of exemption to which he was previously entitled; but, on the contrary, the act expressly provides for such exemption to be claimed as prescribed.

4. ARMY AND NAVY ☞20—DRAFT ACT—ALIEN—JURISDICTION OF DRAFT BOARD.

Under Conscription Act May 18, 1917, c. 15, § 5, 40 Stat. 80, requiring aliens to register, and providing that all persons so registered shall remain subject to draft into the forces authorized, unless exempted or excused as provided, petitioner, a registrant under the act, was not excluded from its operation merely because he was a nondeclarant alien; but the local draft board had jurisdiction to pass on the question whether he was entitled to the exemption provided in the act.

5. HABEAS CORPUS ☞54—DRAFT ACT—PETITION TO NULLIFY ACTION OF DRAFT BOARDS.

Petition against local and district draft boards for habeas corpus and certiorari to nullify their decision that petitioner, a nondeclarant alien, was not entitled to exemption from the operation of Conscription Act May 18, 1917, must be denied, in the absence of allegations that petitioner has been deprived of fair hearing, that the draft board has grossly abused its discretion, or failed to comply with the provisions of the statute or rules and regulations, or that petitioner has fully exhausted his legal remedies.

Petition for habeas corpus and certiorari by James Summertime against Local Board, Division No. 10, and others. Petition denied, without prejudice to petitioner's right to file an amended petition within 10 days.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Anthony Maiullo, of Detroit, Mich., for petitioner.
John E. Kinnane, of Detroit, Mich., for respondents.

TUTTLE, District Judge. This is a petition filed by the petitioner, James Summertime, an alien who has not declared his intention to become a citizen of the United States, alleging that such alien has been unlawfully conscripted under the so-called Conscription Act, and is being illegally detained by the military authorities at Camp Custer, in this division and district, and praying for writs of habeas corpus and certiorari directed to the authorities concerned in his detention. The petition alleges that the said alien registered in accordance with the terms of said act; that he at no time received notice to appear for examination under the act, and was not informed that it was necessary for him to so appear; that the local board already mentioned claims to have mailed notices to him; that on October 12, 1917, he appeared before said local board and filed a claim for exemption, and affidavit in support of such claim; that said board mailed such claim and affidavit to the district board, with a letter stating that he had been certified for service, and on notice from the Adjutant General had appeared for transportation to the military training camp at Camp Custer, where he had been sent on September 22, 1917, and that he had just then presented a claim for exemption on the ground that he was an alien who, through ignorance, did not present exemption claims at the proper time; that in response to such letter the district board notified the local board that there was nothing to indicate that the local board had made any mistake, and that in its opinion the case should not be reopened. The petition alleges that, about October 25, 1917, petitioner filed with said local board a petition asking for a reopening of his case on the grounds that he was an alien who had never declared his intention to become a citizen of the United States; that he was not called before said board for examination; and that under a treaty between the United States and Italy, of which he is a subject, dated February 26, 1871 (17 Stat. 848), he is exempted from compulsory military service in the United States; that this petition was forwarded to the district board, which board unlawfully and illegally refused to reopen his case.

[1] Without entering into a complete discussion of the question as to the extent of the jurisdiction of this court to review decisions of the local and district boards under the Conscription Act, or attempting a full statement of the nature of the general question involved, or the various phases of it which may require consideration under varying states of fact, into which I do not deem it necessary to go in the present case, I think it sufficient at this time to point out that petitioner does not allege that he has been deprived of a fair hearing by the local or district board, or that the notice which he claims not to have received was not in fact mailed to him at the address given on his registration card, as required by section 25 of the rules and regulations governing the draft, or that his name was not posted in the offices of the local board in a place accessible to the public view, as required by such section, or that his name was not given to the press with a request for publication, as also required by such section. Nor

248 F.—53

does the petition allege that, at the time he first appeared before the local board and filed his claim for exemption, the time for filing such claim had not expired. It does not appear that he even attempted to explain to the local board, at the time his case first came before it, or, on appeal, to the district board, why he had not filed this claim within the time and in the manner prescribed by the aforesaid rules and regulations. In other words, it does not appear that he has complied with the requirements of the act and the regulations thereunder, or that he has ever presented to the local board and district board the reasons here assigned for such failure. Not having resorted to the procedure provided by this statute before praying for relief from this court, the relief asked must, under the circumstances disclosed in this petition, be denied. United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917.

[2] The mere fact that this alien was exempt from military service by a treaty entered into before the enactment of the present statute does not necessarily entitle him to exemption. It is well settled that a treaty, like any other law of the United States, may constitutionally be repealed or suspended by Congress, which, of course, must assume the responsibility for such action. Cherokee Tobacco Cases, 11 Wall. 616, 20 L. Ed. 227; Head Money Cases, 112 U. S. 580, 5 Sup. Ct. 247, 28 L. Ed. 798.

[3-5] Section 14 of the Conscription Act provides that:

"All laws and parts of laws in conflict with the provisions of this act are hereby suspended during the period of this emergency."

Under section 5 of the act, petitioner was required to register, and such section also provided that:

"All persons so registered shall be and remain subject to draft into the forces hereby authorized, unless exempted or excused therefrom as in this act provided."

Furthermore, the Conscription Act did not deprive petitioner of any right of exemption to which he was previously entitled, but, on the contrary, expressly provided for such exemption, to be claimed in the manner prescribed by such act.

Without going fully into a statement of my reasons, I deem it sufficient on this point to state that I have no doubt that petitioner was not excluded from the operation of this act merely because he was a non-declarant alien, but that the local board had jurisdiction to pass on the question whether he was entitled to the exemption provided in the act. As already stated, it is not alleged that petitioner has been deprived of a fair hearing, or that the board has grossly abused its discretion or has failed to comply in any respect with the provisions of the statute or rules and regulations, or that petitioner has fully exhausted all the remedies given by law.

In the absence of any such allegations the petition is hereby denied, without prejudice to the right of petitioner to file an amended petition at any time within 10 days from this date. An order will be entered in accordance with the terms of this opinion.