### Ex parte TINKOFF.

(District Court, N. D. Illinois, E. D. February 13, 1918.)

#### Nos. 32786–32788, 32815.

1. HABEAS CORPUS ☞54—SUFFICIENCY OF PETITION.

    Where unlawfulness of detention alleged in petition consists in order of an inferior tribunal, legally constituted and having jurisdiction over subject-matter and person detained, petition must state facts constituting arbitrary or capricious action.

2. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—ACTION OF DISTRICT BOARD.

    The denial of a rehearing on a claim for draft exemption by a district board is not arbitrary action.

3. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—EFFECT OF MARRIAGE OF REGISTRANT.

    The marriage of a person subject to Selective Draft Act May 18, 1917, after his registration, cannot defeat the government's right to his services.

4. HABEAS CORPUS ☞16—SELECTIVE DRAFT ACT.

    The court in a habeas corpus proceeding cannot relieve against a merely erroneous decision of a draft board.

5. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—EXEMPTION OF ALIENS.

    A nondeclarant alien is not ineligible to service under Selective Draft Act May 18, 1917, and, while he may not be compelled to serve, provided he claims exemption as the law requires, if he fails to do so, the draft boards are without authority to exempt him, and their action in treating such failure as a waiver is not reviewable in habeas corpus proceedings.

6. ARMY AND NAVY ☞20—SELECTIVE DRAFT ACT—EXEMPTION OF ALIENS.

    Neither the draft board nor the court in habeas corpus proceedings can base action in favor of alien claimants to exemption on alleged ignorance of facts or law.

7. HABEAS CORPUS ☞3—SELECTIVE DRAFT ACT—HABEAS CORPUS TO OBTAIN EXEMPTIONS.

    The failure of a registrant denied exemption by the local board to appeal to the district board is a bar to relief by habeas corpus.

Separate petitions by Ella Hutchinson Tinkoff, on behalf of Paysoff Tinkoff, by Steve Zozaski, by Hugo Carlson, and by Victor Zukowski, for writs of habeas corpus, to secure release from military service, into which they were drafted under Selective Service Act May 18, 1917. Writs denied.

Orders affirmed 254 Fed. 912.

Stedman & Soelke, of Chicago, Ill. (Swan M. Johnson, of Chicago, Ill., of counsel), for petitioners.

Charles F. Clyne, U. S. Atty., Robert T. Neill, Sp. Asst. U. S. Atty., and Lieut. Col. Nathan William MacChesney, Judge Advocate, U. S. Army, all of Chicago, Ill. (Lieut. Col. Nathan William MacChesney and Leslie M. O'Connor, Department Judge Advocate's Office, Cent. Dept., U. S. Army, both of Chicago, Ill., of counsel), for respondents.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LANDIS, District Judge. These applications are for writs of habeas corpus to release or exempt persons from service in the National Army created by Act May 18, 1917, c. 15, 40 Stat. 76.

The Tinkoff application asserts that he registered on June 5, and that three weeks thereafter he married. Later he asked the local board to exempt him from service, his ground of exemption being the dependency of his wife; the local board granted his claim and denied an application which he made to file additional affidavits in support of his allowed claim. From the local board's order in Tinkoff's favor the United States appealed to the district board, and on the hearing of that appeal the district board reversed the local board's decision, and ordered Tinkoff into the eligible list; thereafter Tinkoff applied to the district board for a rehearing; this application was denied by the district board, and it is on this denial by the district board that the Tinkoff application here is based, it being charged that the denial was arbitrary action by that board. Tinkoff is in the army, stationed at Camp Grant.

The Zukowski application avers that he is of Russian birth; that he has never declared his intention to become a citizen of the United States; that he registered on June 5, and claimed exemption because of his status as an alien; that the local board denied him exemption; and that he appealed to the district board, which board affirmed the decision of the local board.

The Carlson and Zozaski applications assert that these men are of alien birth, and that neither had declared his intention to become a citizen; that they lived in the United States on May 18 and June 5, 1917; that each registered as required by law, and neither one of them attempted to claim exemption from military service. They both assert, however, that they were ignorant of their political status and their right to exemption until after the time, fixed by the regulations issued by the President under the authority of the statute, in which to claim such exemption, had expired. They further assert that they learned of their right after they were examined and found qualified for military service; that they then applied to the local board for exemption, which applications were denied by the local board on the ground that the applicants' failure to make the claim within the statutory time operated as a waiver of their exemption rights. Neither Carlson nor Zozaski appealed to the district board, and each was certified into service by the local board.

[1] The function of the writ of habeas corpus is to release a person unlawfully restrained of his liberty, and this unlawfulness, or probable cause for the belief that it exists, must affirmatively appear in the petition. Where the unlawfulness claimed is the order of an inferior tribunal, legally constituted and clothed with jurisdiction over the subject-matter and the person detained, the petition must charge facts constituting arbitrary or capricious action by such inferior tribunal. In the pending applications, neither the legal existence nor the jurisdiction of the draft boards, local and district, is challenged, nor is there any averment of arbitrary or capricious action by either of them.

[2] I must qualify this as to Tinkoff. For him there is the bare assertion, a general charge, that the refusal of the district board to grant him a rehearing was arbitrary. But under well-recognized general rules that govern such matters, that refusal was not arbitrary action. The same rule applies to that refusal as to the denial of a petition for rehearing by a reviewing court.

[3] Although it is not necessary, it appears appropriate to observe that, as stated above, Tinkoff married after registering on June 5, and claims that such subsequent marriage discharged his liability to serve as it existed when the law was passed and the registration occurred. Of course, such voluntary subsequent action on his part cannot operate to defeat the government's right to his services, and it is perfectly clear that the board's action was not arbitrary.

[4] The Zukowski petition amounts only to a claim that the board reached an erroneous conclusion. Habeas corpus cannot relieve against mere error. And this is the rule, even though the court might have reached a conclusion on the facts different from that expressed in the order complained of.

[5] In the Carlson and Zozaski applications the question presented is one of waiver. For the applicants the representation is that they were aliens, had not declared their intention to become citizens, did not know their political status and consequent rights to exemption, and therefore had failed to make the claim before the board within the prescribed time.

Nondeclarant aliens are not ineligible to service under the act, nor are they, by the act, automatically exempted from service. They are eligible, but they may not be compelled to serve against their will to the contrary, provided that will be expressed as the law requires. Ex parte Hutflis (D. C.) 245 Fed. 798; U. S. ex rel. Koopowitz v. Finley (D. C.) 245 Fed. 871; U. S. ex rel. Cubyluck v. Bell (D. C.) 248 Fed. 995; Summertime v. Local Board (D. C.) 248 Fed. 832.

The applicants having totally failed so to express their will not to serve within the time fixed by law, the draft boards were without authority to exempt them. Those boards were bound to regard this failure of the applicants as a waiver, and it follows that the boards' action is not reviewable. Angelus v. Sullivan, 246 Fed. 54, 158 C. C. A. 280; U. S. ex rel. Troiani v. Heyburn (D. C.) 245 Fed. 360; and cases supra.

[6, 7] Neither the boards, after the time expired, nor this court, by habeas corpus, can base actions in the applicants' favor because of alleged ignorance of facts or law. They are conclusively held to knowledge of both. Furthermore it will be observed that neither Carlson nor Zozaski appealed to the district board, as they might have done. Section 4. This failure on their part, in and of itself, is a bar to relief here. Summertime v. Local Board (D. C.) 248 Fed. 832; U. S. ex rel. Cubyluck v. Bell (D. C.) 248 Fed. 995; United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917; In re Lancaster, 137 U. S. 393, 11 Sup. Ct. 117, 34 L. Ed. 713; The Japanese Immigrant Case, 189 U. S. 86, 102, 23 Sup. Ct. 611, 47 L. Ed. 721.

Writs denied.