UNITED STATES ex rel. BROWN v. COMMANDING OFFICER OF SEVENTY-SEVENTH DIVISION OF NATIONAL ARMY OF UNITED STATES AT CAMP UPTON, YAPHANK, LONG ISLAND, N. Y.

(District Court, E. D. New York. February 27, 1918.)

HABEAS CORPUS ⬥16—SELECTIVE DRAFT ACT—DETERMINATION OF EXEMPTION BOARDS.

Where relator was duly certified into the military service by the local and district boards in accordance with Selective Draft Act May 18, 1917, c. 15, 40 Stat. 76, he cannot by habeas corpus obtain release because he had convinced the adjutant general of his state that the examination by the medical officers of the local board had not been sufficient, for, while Regulations, § 27, gives the Governor, acting through the adjutant general, supervision of the execution of the selective draft, the determination of the exemption boards is final, save for appeal to the President.

Habeas Corpus. Petition by the United States, on the relation of Irwin F. Brown, for a writ of habeas corpus against the Commanding Officer of the Seventy-Seventh Division of the National Army of the United States at Camp Upton, Yaphank, Long Island, N. Y. Writ dismissed, and relator remanded.

Henry M. V. Connelly, of New York City, for relator.
Melville J. France, U. S. Atty., of Brooklyn, N. Y., opposed.

CHATFIELD, District Judge. The relator seeks to be dismissed, on the claim that medical examination would disclose the necessity or advisability of discharging him for ill health. It appears that exam-

ination by physicians satisfied the adjutant general of the state that the examination by the medical officers of the local board had not been sufficient, or that another should be held. He endeavored to reach the board, so as to have them hold the relator from being sent to Camp Upton. This effort was unsuccessful, and the relator was turned over to the military authorities.

The Governor is by section 22 of the Regulations given general supervision over all matters arising in the execution of the selective draft within his state. The adjutant general is by section 27 made the officer through whom the Governor exercises his functions. But by section 27 all matters of exemption and deferring of classification are left to the exclusive determination of the local and district boards. The President alone can review their determination.

Thus neither the Governor nor the adjutant general had the power to reverse the holdings of the local and district boards. If the information from the adjutant general did not reach the local board in time for it to act, then the only way in which the relator can be discharged for physical disability is to apply to the army authorities therefor. This court has no jurisdiction (even if the finding of the medical examiners of the local board was incorrect) to release the applicant, as the determination was within their power and jurisdiction, at the time it was made.

The writ will be dismissed, and the relator remanded.