NAPORE v. ROWE et al.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1919.)

No. 3245.

1. ARMY AND NAVY ⬤⟞20—SELECTIVE SERVICE ACT—EXEMPTION OF NONDECLARANT ALIEN.

   A nondeclarant alien resident of the United States is not ineligible to military duty under Selective Service Act May 18, 1917 (Comp. St. 1918, §§ 2044a–2044k), but the facts which bring him within the exempted class must be affirmatively proved by him before his local draft board, to which is given power to hear and determine, subject to review by appeal to a district board, all questions of exemption under the act; a decision of the district board being made final.

2. HABEAS CORPUS ⬤⟞16—SELECTIVE SERVICE ACT—REMEDY OF NONDECLARANT ALIEN.

   Ignorance of the law and the facts on the part of a nondeclarant alien, who did not prove affirmatively before his local draft board the facts bringing him within the class exempted from Selective Service Act May 18, 1917 (Comp. St. 1918, §§ 2044a–2044k), so that he has been arrested as a military deserter, is no ground for habeas corpus; the alien's failure to avail himself of the remedies of the act and the rules precluding such relief, for only on showing of denial of fair hearing or abuse of discretion in the local or district draft board may resort be had to the courts.

Appeal from the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Petition for writ of habeas corpus by John Napore against James H. Rowe and others, members of the Local Draft Board of Butte, Mont., John K. O'Rourke, Sheriff of Silver Bow County, Mont., and the United States, a party affected by the decision. From an order that petitioner be discharged from custody, respondents appeal. Judgment reversed, and cause remanded, with instructions to dismiss the writ and remand petitioner to custody.

The appellee filed in the court below a petition for a writ of habeas corpus, alleging that he was not a citizen of the United States and had never

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

declared his intention to become such; that on June 5, 1917, he duly registered at Minot, N. D., pursuant to Act Cong. May 18, 1917, c. 15, 40 Stat. 76 (Comp. St. 1918, §§ 2044a–2044k); that thereafter he duly appeared before the local board at Minot, and signed an affidavit before the said board, setting forth that he was born in Russia, and had not declared his intention to become a citizen of the United States, together with other proofs required under the rules and regulations; that he received no notice that anything else would be required of him, or that he should keep in touch with said local board; that he remained in Minot for several months thereafter, and then came to Butte, Mont., where he has since resided; that in September, 1918, while at Butte, he was advised that aliens were required to submit questionnaires to their local boards, the same as other registrants; that this was the first information he ever received on the subject; that immediately after receiving it he appeared before the local board of the city of Butte for the purpose of having his questionnaire filled out and sent to the local board for Minot, N. D.; that he was then arrested and certified as a military deserter.

The appellants, in their return to the order to show cause, alleged that the appellee duly registered on June 5, 1917; that on or about December 15, 1917, the local board for Ward county, N. D., mailed to the appellee a questionnaire, which he was required to fill out and submit not later than December 28, 1917; that he failed to return said questionnaire; that he was thereupon certified to the adjutant general for North Dakota for such delinquency; that on May 3, 1918, said adjutant general notified the appellee of his delinquency and ordered him to report; that the appellee failed to report as so ordered, and on May 17, 1918, he was inducted into the military service of the United States; and that he was detained as a deserter from the United States army. Upon the pleadings and the evidence the court ordered that the appellee be discharged from custody.

Edward C. Day, U. S. Atty., of Helena, Mont., James H. Baldwin, Asst. U. S. Atty., of Butte, Mont., Lieut. Col. Grant T. Trent, Judge Advocate, of Washington, D. C., D. M. Kelly, J. Bruce Kremer, Alf. C. Kremer, L. P. Sanders, J. A. Poore, and William Meyer, all of Butte, Mont., for appellants.

L. F. Lorenz and Barta & Barta, all of Butte, Mont., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The petition for the writ is based upon the propositions that an alien, who has not declared his intention to become a citizen of the United States, is not subject to military duty; that the affidavit which the appellee presented to the local board, wherein he set forth that he was a nondeclarant alien, was in itself sufficient to place him in the exempted class; and that therefore the local board in North Dakota had no authority to induct him into military service and certify him as a deserter. The court below was of that opinion, and held that the drafting of a nondeclarant alien was forbidden by law. To that construction of the law we are unable to assent. The Selective Service Act (Act May 18, 1917, c. 15, 40 Stat. 80 [Comp. St. 1918, § 2044e]) provides that all male persons within the prescribed ages shall be subject to registration, "and all persons so registered shall be and remain subject to draft into the forces hereby authorized, unless exempted or excused therefrom as in this act provided." In brief, the act makes persons of the prescribed age subject to draft, unless exempted or excused by the designated authority. It does not follow that a nondeclarant alien is

ineligible to military duty under the act, or that he is automatically exempted from service. The facts which bring him within the exempted class must be affirmatively proved by him before his local board, the tribunal created by the act, to which is given power to hear and determine, subject to review by appeal to a district board, "all questions of exemption under this act," and the decision of the district board is made final. The uniform ruling of the courts has been that, in order to obtain exemption, the intention of the nondeclarant alien must be expressed in the manner prescribed by law. United States v. Finley (D. C.) 245 Fed. 871; United States v. Bell (D. C.) 248 Fed. 995; Summertime v. Local Board, Division No. 10 (D. C.) 248 Fed. 832; Ex parte Blazekovic (D. C.) 248 Fed. 327; Ex parte Tinkoff (D. C.) 254 Fed. 222.

[2] The appellee has not presented to his local board a claim of exemption in accordance with the regulations, nor has he availed himself of the privilege accorded by the regulations of applying to the local board to reopen the case. All that he alleges by way of excuse for disregarding the regulations is in effect that he was ignorant of the law and the facts. Such ignorance is no ground for habeas corpus. The Japanese Immigration Case, 189 U. S. 86, 101; [1] Ex parte Kusweski, 251 Fed. 977; Ex parte Tinkoff, 254 Fed. 222. The appellee's failure to avail himself of the remedies afforded by the act and the rules precludes relief by habeas corpus, for it is only upon a showing of denial of a fair hearing or gross abuse of discretion in the local or district board that resort may be had to the courts. Angelus v. Sullivan, 246 Fed. 54, 158 C. C. A. 280; United States v. Bell (D. C.) 248 Fed. 995; United States v. Heyburn (D. C.) 245 Fed. 360; Ex parte Beales (D. C.) 252 Fed. 177.

The judgment is reversed, and the cause is remanded, with instructions to dismiss the writ and remand the appellee to custody.