## UNITED STATES ex rel. URSITTI v. BAIRD, Colonel, et al.

### No. M-563.

District Court, E. D. New York.
July 24, 1941.

Von Hofe & Sully, of New York City (Godfrey Von Hofe, of New York City, of counsel), for petitioner.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Herbert I. Sorin, Asst. U. S. Atty., of Brooklyn, N.Y., of counsel), for respondents.

GALSTON, District Judge.

The relator seeks by a writ of habeas corpus to be released from the United States Army.

His petition sets forth that he duly registered pursuant to the Selective Training and Service Act 1940, 50 U.S.C.A.Appendix § 301 et seq., with Local Board No. 169, Brooklyn, New York, on October 16, 1940; that thereafter he received a questionnaire in which he responded fully to the questions therein set forth; that on March 27, 1941, he was classified in 1–A; that having claimed that his mother and grandfather were dependent upon him, he appealed to the Appeals Board pursuant to the provisions of the Selective Service Act; that his appeal was denied on April 18, 1941; and that thereafter he requested the Government Appeal Agent assigned to the aforesaid Local Board to certify his case for appeal to the President of the United States, but that this request was denied on or about July 1, 1941; that in consequence he has exhausted all administrative efforts open to him to effect his alleged proper classification in Class 3–A of the act.

The petitioner claims that there are dependent upon him for financial assistance his mother, aged fifty-five years, who is a widow, that she suffers from heart disease and is under the constant care of a physician, and that this physical condition prevents her from carrying on full time work. He alleges too that in addition to supporting his mother he contributes substantially to the support of his grandfather who is eighty-two years of age, and who is in ill health and unable to work. From the petition it appears that the only other person who assists petitioner in supporting these dependents is his sister, aged twenty-five years, who contributes $300 a year of her total earnings of $850 to the support of the family. It is also alleged that the petitioner's mother owns a small one-family house in which the petitioner, his mother, grandfather and sister reside; that the house is subject to a mortgage lien of $2,500. The total expenses of the family for taxes, interest, upkeep on the house, insurance payment on life of mother and petitioner, and food for family of four, are stated to be $2,142, as against an income of gross earnings of petitioner in the sum of $1,150, earnings of mother $850, mother's unemployment insurance $150, and sister's contribution of $300, making a total of $2,450. On the above facts petitioner claims that the action of the Local Board in refusing to place petitioner in a deferred classification was "arbitrary, capricious and contrary to the Selective Service Act and the regulation promulgated thereto, to wit, Sec. XXIII, par. 354, subdivisions b and c, and par. 355 of the classification and selective regulations prescribed by Executive Order, No. 8569."

The return of the writ and the traverse thereto were duly filed.

At the hearing the only evidence offered was the questionnaire and its contents. No witnesses were produced by either petitioner or relator.

Thus the only question open is whether the Board acted in an arbitrary and capricious manner. If there was a fair opportunity presented to the petitioner and a fair hearing held and substantial evidence to support the findings of the Board, then the writ must be dismissed.

He is properly here on the allegations of the petition, since on July 10, 1941, when the registrant was inducted into military service he had exhausted all administrative remedies. The respondents argue that following his induction there was still open to him under Circular No. 105 of the War Department, issued May 26, 1941, the right to apply for discharge or relief on account of dependency; but assuming such situation to exist and that such procedure was open to the petitioner after induction, it has no bearing on the legality of the acts which led to his induction into the army.

However, a review of the questionnaire and its contents leads to the conclusion that the Local Board gave the petitioner every opportunity within its power to present facts that would entitle him to a deferment. The record before the Local Board discloses no arbitrary or capricious conclusion. The Board was unanimous in its original classification. Then a special meeting of the Board was called by its chairman for July 1, 1941, at which the petitioner was notified to be present for a reconsideration of its classification. The Board met with all members present, and the petitioner and the Government Appeal Agent also attended. At this hearing the petitioner presented affidavits from his grandfather, from his mother and from himself. It appears that the Board considered all the facts submitted and determined that no new facts presented warranted re-opening of the proceedings. The Government Appeal Agent certifies that he

874

re-examined the original file and findings of the Appeal Board and also examined the affidavits presented at the hearing and the request for re-classification. He notes certain contradictions in the affidavits presented, of the facts set forth in the original questionnaire as filed by the petitioner, which led the Board to doubt the veracity of the petitioner.

On the showing made the writ must be dismissed.

It is suggested by the respondents that the relator may still have open to him the right to seek discharge under the regulations of the War Department hereinbefore referred to.