### DRUMHELLER v. BERKS COUNTY LOCAL BOARD NO. I OF SELECTIVE SERVICE SYSTEM et al.

No. 2388.

District Court, E. D. Pennsylvania.

March 5, 1942.

882

Darlington Hoopes, of Reading, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and Edward A. Kallick, Asst. U. S. Atty., both of Philadelphia, Pa., for defendants.

BARD, District Judge.

Petitioner is a registrant under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. He filed his questionnaire and claimed exemption from the combatant service on the ground that he was conscientiously opposed to such service. Shortly before the date of his classification he claimed to be an ordained minister and, therefore, not subject to combatant or non-combatant military service.

The local draft board rejected his ministerial claim but classified the petitioner as a conscientious objector (Class IV-E) on July 14, 1941. On July 25, 1941, the appeal board continued this classification.

On February 11, 1942, petitioner filed his complaint in the nature of a petition for injunction and a writ of certiorari.

An order was entered directing the respondents to appear at a hearing on February 24, 1942, and show cause why a restraining order should not be entered restraining the respondents from proceeding further in petitioner's case. The order further directed that a writ of certiorari shall issue to the respondents directing them to certify to the court for review and determination on February 24, 1942, a full and complete transcript of all proceedings.

At the time of the hearing the United States Attorney, appearing for the respondents, filed his motion to dismiss the complaint, alleging that this court has no jurisdiction over a decision of the Board of Appeals of the Selective Service Act.

The issuance of a writ of certiorari rests with the sound discretion of the Court and cannot be claimed as of right, in which respect it differs wholly from a writ of habeas corpus.

Further, a writ of certiorari must relate to a judicial function. This draft board is an executive or administrative body. It does not appear that the board committed an error of law. It merely decided a fact, namely, that this petitioner is not an ordained minister of the gospel.

Courts have no power under the law to substitute their own opinion of a fact for that of the board. Nor should they interfere with administrative boards so long as no fundamental or constitutional right of the petitioner has been abridged. All the draft board has done in this case is to give the petitioner a classification under the mandate of the law. The classification in which the petitioner has been placed exempts him from combatant military service, but subjects him to call at a later date for non-combatant service. This is not an abridgement of any constitutional right.

And now it is ordered that the motion to dismiss the complaint is granted and the complaint is hereby dismissed.