## UNITED STATES v. KOWAL.
### No. 4.

District Court, D. Delaware.

May 11, 1942.

Stewart Lynch, U. S. Atty., of Wilmington, Del., for plaintiff.

William Poole, of Wilmington, Del., for defendant.

LEAHY, District Judge.

The defendant was indicted for failing to report for work of national importance in violation of Section 11 of the Selective Training and Service Act of 1940.[1] Upon application of counsel and defendant's consent, he was tried to the court without a jury.

The evidence shows that Kowal duly registered and filed his questionnaire on the ordinary form with his Local Board. Under "Series X-Conscientious Objection to War," the defendant stated he was conscientiously opposed both to *combatant* and to *non-combatant* service. Later, he executed a form, especially provided for conscientious objectors. Thereupon the Local Board classified the defendant Kowal in Class IV-E. The defendant never appealed from the order of classification. On October 28, 1941, the Local Board entered its order directing the defendant to report for work of national importance, under civilian direction, at Camp Patapsco, Elk Ridge, Maryland. The indictment charges the defendant did on November 7, 1941, "unlawfully, knowingly and feloniously fail and neglect to report * * * for work of national importance * * *" in conformity with the order of the Local Board. The defendant pleaded not guilty.

As part of his defense, Kowal introduced evidence, over the objection of the United States Attorney, under which he contends that he was entitled to be classified in Class III-A. He showed that in his questionnaire he had set forth, under Series VIII, that his father, mother, three minor sisters and a brother were dependent on him. The testimony shows that the defendant protested his classification. After this, the Local Board asked "The Family Society," a charitable organization, to have one of its trained workers investigate the dependency status of the registrant. This was done, however, without the knowledge of Kowal. The report of the investigation disclosed that if the defendant were inducted it was not believed that "it would be too great a hardship on the family. It would simply mean someone else assuming responsibility." It would appear that Kowal was never notified that this evidence had been added to the file. He argues from this that he was not given an opportunity to reply to the action of the Local Board based on the new evidence. Thus, he claims he was denied a fair hearing, and that the action taken was a "denial of all the constitutional guarantee to which" he was "entitled as an American citizen."

---

[1] 50 U.S.C.A.Appendix, §§ 301–318, 54 Stat. 885.

It is to be noted that Kowal made no attempt to appeal from his classification until long after the time had elapsed during which he could have taken an appeal to the Appeal Board. In fact, it was not until he received his order to report for work at the camp in Maryland that he took any steps looking toward an appeal from his classification as a conscientious objector and to establish classification in Class III-A under dependency. Thus, we have the situation where the defendant, in a criminal case based upon an indictment found by the Grand Jury, seeks to have this court review the action taken and change the classification as fixed by the Local Board by means of finding, I suppose, a verdict of not guilty. Or perhaps he seeks a finding that, because the order of induction was void and based on the illegal action of the board, he has committed no crime in refusing to obey it.

While the act of the Local Board, in obtaining an independent report and investigation of the dependency status of the defendant from "a local welfare agency" was permissible,[2] the Board's making that report a part of the file without the defendant's knowledge cannot receive the judicial imprimatur of this court, especially in view of Par. 369(b) of the regulations, which permits the registrant to introduce evidence supporting any claim he may have that there is false or misleading information in the file. Obviously, a registrant will have a difficult—or impossible—task to rebut evidence which has been added to the file without his knowledge. But, there was additional evidence before the board, in addition to the report, upon which the Local Board could have made their classification. The crux of this case is that, once classified, Kowal had the right and the opportunity to appeal and to avail himself of every procedure found in the statute and the regulations thereunder to have himself reclassified. This, he did not do.

The courts are available to a registrant only when he has exhausted all available administrative remedies. As stated in Johnson v. United States, 8 Cir., 126 F.2d 242, 247:

"Also, the courts are even then available only for limited purposes. The courts have no power to classify registrants—that is solely for the agencies created by or under the authority of the Congress. But classification by such agencies must, under the powers given them by Congress, be honestly made, and a classification made in the teeth of all of the substantial evidence before such agency is not honest but arbitrary. Courts can prevent arbitrary action of such agencies from being effective. *But a registrant cannot come to a court for such relief until he has exhausted all available and sufficient administrative remedies for such arbitrary action.* Appellant has not availed himself of such corrective administrative relief. He has no standing in a court to complain and the court cannot examine the arbitrariness of his classification by the local board." (Emphasis mine.)

The evidence in the instant case shows no attempt by Kowal to appeal. When he did go to the government appeal agent for advice, he was told that there was nothing further that could be done in connection with his reclassification as the time for appeal had long since expired. There is no question but that he received the notice card informing him of his classification into class IV-E,[3] and of his right to appeal. And so, I shall leave him where I find him. He is obviously guilty of failing to report in accordance with the board's order. He is therefore guilty under the statute.

[2] Regulations, Par. 354 (a): The Selective Service Regulations, prescribed by Executive Order No. 8560, as revised September 3, 1941.

[3] Official Form 57. The notice card stated: "Note: Appeal from a classification by a Local Board or Board of Appeals must be made within five days from the date of this notice at the office of the Local Board."