## UNITED STATES v. DI LORENZO.
### No. I Dec. Term, 1941.

District Court, D. Delaware.
May 11, 1942.

Stewart Lynch, U. S. Atty., of Wilmington, Del., for plaintiff.

William Poole, of Wilmington, Del., for defendant.

LEAHY, District Judge.

Defendant was indicted under Section 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 311, for failure to report for work of national importance. By consent, he was tried to the court without a jury.

Di Lorenzo registered in compliance with Section 2 of the Act and filed his questionnaire. He there stated that, as a conscientious objector, he was opposed to combatant and to non-combatant service. At the same time, he stated under "Series VIII—Minister, or Student Preparing for the Ministry" that he was a minister of religion and had been since his ordination on December 20, 1936. After several hearings, the Local Board classified the defendant as a conscientious objector in class IV–E.

Thereupon, Di Lorenzo (unlike the defendant in United States of America v. Michael Kowal, D. C., 45 F.Supp. 301, decided this day) appealed his classification. Before the Appeal Board, he sought to establish that he was a minister of the religious group known as Jehovah's Witnesses. After consideration of the evidence filed, the Appeal Board upheld the classification as fixed by the Local Board.

On October 23, 1941, the Local Board entered its order directing the defendant to report for work of national importance at Camp Potapsco, Maryland. The indictment charges that the defendant did on November 7, 1941, "unlawfully, knowingly and feloniously fail and neglect to report * * * for work of national importance * * *" in conformity with the order of the Local Board. The defendant pleaded not guilty.

Di Lorenzo claims that he has the right in a criminal action to prove as matter of defense that he is a "regular or ordained minister of religion." He contends that, by so showing, he establishes that the action of the board was illegal and that he is not guilty since he merely refused to obey a void order. He does not contend that he was denied the opportunity of presenting evidence either before the Local or Appeal Board. And he did avail himself of

this right to appeal.[1] He was permitted to present and he did, in fact, present evidence on his classification. Much of this evidence was documentary, and explained the teachings of his religion. But it is of such a nature that I shall not pause to describe it, nor shall I comment on its weight and probative value. Both boards considered this evidence.

▇ With the exceptions of certain persons in the armed services of the United States and representatives of other governments mentioned in Sec. 5(a) of the Statute, 50 U.S.C.A. Appendix § 305(a), all male citizens and aliens who have declared their intention to become citizens must register, if within stated age limits. This includes ministers. The provision is not that ministers are exempt. It is, on the contrary, that registrants who are classified as ministers by local boards or boards of appeal are exempt from service. This classification necessarily depends upon facts. As the court in Johnson v. United States, 8 Cir., 126 F.2d 242, 247, stated:

"The method of determining the fact situations is defined by the Act, sec. 10(a) (2), 50 U.S.C.A. Appendix § 310(a) (2), as a Selective Service System, which 'shall provide for the classification of registrants * * *.' The machinery to effectuate this method is made up of local boards and appeal boards. The local boards have power 'to hear and determine * * * all questions or claims with respect to inclusion for, or *exemption* or deferment *from*, training and service under this Act of all individuals within the jurisdiction of such local boards' (italics added). Appellant's matter here is a claim to 'exemption * * * from' training and service. Clearly it is a matter submitted by the Act to the jurisdiction of the local board and for its determination. Any such determination of the local board is made subject to an appeal to an appeal board. The President is authorized to create and establish this System; and, broadly, to prescribe the necessary rules and regulations to carry out the provisions of the Act, sec. 10(a) (1). In accordance with those powers, the President has created and established such System and has promulgated such rules and regulations. This System and these rules and regulations provide proper means and procedure for determining fact situations as to claims for exemption, for deferment and for inclusion in particular categories, as to service, prescribed by the Act; and also for a review of such determinations by appeal boards.

"From the above outline of the pertinent requirements and provisions of the Act and of the Regulations, the following is clear: Appellant was required to register; his claim for exemption as a minister must be presented to the local board; that board must determine the fact as to appellant being a minister (within the meaning of the Act) and, therefore, entitled to the exemption provided by the Act; such determination of the local board is subject to appeal to the appeal board."[2]

▇ Di Lorenzo's defense is that the Local Board rejected his credentials as a minister and accordingly acted arbitrarily in not classifying him in IV–D. It rather appears from the evidence, however, that both the Local and Appeal Boards considered his credentials but found they were without sufficient probative value. In short, the defendant's contention is simply that the result reached by the two boards did not suit him.[3]

---

[1] The purpose of the appeal provision in the Regulations is to correct erroneous or arbitrary action by Local Boards. Paragraph 372 (c and d) of Volume 3 of the Selective Service Regulations provides:

"c. The person appealing may attach to his notice of appeal or to the questionnaire a statement specifying the respects in which he believes the Local Board erred, may direct attention to any information in the registrant's file which he believes the local board has failed to consider or give sufficient weight and may set out in full any evidence which was offered to the local board and which the local board failed and refused to include in the registrant's file."

"d. Within 10 days after an appeal has been taken, the local board shall transmit to the board of appeal the registrant's complete record, including the original of the Report of Physical Examination (Form 200) and any statement filed by the person appealing, and shall enter the date of such transmittal on the Classification Record (Form 100)."

[2] In United States v. Dewey, No. 10373 Criminal, Watson, J., held from the bench in the Middle District of Pennsylvania that the court would not review the Board's finding that the defendant was not a minister.

[3] Mr. Justice Holmes in Chin Yow v. United States, 208 U.S. 8, 13, 28 S.Ct. 201, 203, 52 L.Ed. 369, held that the in-

■ It needs no citation of authority at this late date to demonstrate the rule that a federal court should not disturb a finding of an administrative board unless the acts complained of are clearly beyond the grant of administrative authority. The courts during World War I were approaching the rule. Some said that once the executive departments, or their subordinate officials, found certain facts to be existent, the federal district courts may disturb such findings only when it appears that the party involved has not been offered a "full and fair hearing," or that the administrative officers have acted contrary to law, or have manifestly abused the discretion committed to them by the statutes.[4] So, in 1917 the courts denied review by means of habeas corpus where it was sought to review questions affecting exemption, or where ignorance on the part of the registrant was involved.[5] The writ was, however, granted in some cases, but those cases were few.[6] The writ of certiorari was granted in one case,[7] and denied in two others.[8] United States ex rel. Brown v. Commanding Officer of Seventy-Seventh Division of National Army, etc., D.C., 248 F. 1005, the court, refusing to interfere with the classification based on the physical condition of the registrant, said: "This court, has no jurisdiction (even if the finding of the medical examiners of the local board was incorrect) to release the applicant, as the determination was within their power and jurisdiction." In Ex parte McDonald, D. C., 253 F. 99, 103, the court said: "Where, for example, the regulations indicate to the boards order and priority of call of registrants, or the considerations upon which order and priority shall be determined, namely, dependency or the like, it will be readily conceded that when the boards have determined the facts the courts should not take up the case and rebalance it, because that would lead practically to a judicial selective service ultimately."[9]

■■ I conclude that Congress intended that "regular or duly ordained ministers" of religion shall be exempt from training and service; but Congress also intended that the local boards and appeal agencies should have the power to deter-

---

validity or denial of a hearing before an administrative body "cannot be established by proving that the decision was wrong."

[4] Such was the view of this circuit as shown by United States ex rel. Pascher v. Kinkead, D.C., 248 F. 141, affirmed 3 Cir., 250 F. 692. Angelus v. Sullivan, 2 Cir., 246 F. 54, contains an interesting discussion of what constitutes a non-fair hearing.

[5] United States ex rel. Troiani v. Heyburn, D.C., 245 F. 360; Napore v. Rowe, 9 Cir., 256 F. 832.

[6] Ex parte Hutflis, D.C., 245 F. 798; United States ex rel. Bartalini v. Mitchell, D.C., 248 F. 997; Ex parte Beck, D.C., 245 F. 967; Ex parte Fuston, D. C., 253 F. 90.

[7] Ex parte Platt, D.C., 253 F. 413.

[8] In re Kitzerow, D.C., 252 F. 865; Ex parte Beales, D.C., 252 F. 177. For the most recent case denying the writ see Drumheller v. Berks County Local Board No. 1, etc., D.C., 43 F.Supp. 881.

[9] M. Mullally, Jr., writing in 28 Virginia Law Review at page 628, gives a summation of the matter. He states: "The cases decided under the military draft law of 1917, therefore, reveal that not only was it difficult to gain entry to the court house, but that once there the remedies available were extremely circumscribed. As was to be expected, the cases arising under the Selective Service and Training Act of 1940 have followed the rules laid down in the earlier decisions, and have adopted the same standards for access to the courts, and have cited and quoted the cases arising under the 1917 Act [50 U.S.C.A. Appendix § 201 et seq.], as authority. Thus, the decisions of the local boards are final unless the party was denied a fair hearing, or the executive officers acted contrary to law, abused their discretion, or lacked jurisdiction (Shimola v. Local Board [D.C.] 40 F.Supp. 808; United States ex rel. Pasciuto v. Baird [D.C.] 39 F.Supp. 411; United States ex rel. Broker v. Baird, [D.C.] 39 F. Supp. 392; United States ex rel. Errichetti v. Baird [D.C.] 39 F.Supp. 388; Petition of Soberman [D.C.] 37 F.Supp. 522; United States ex rel. Filomio v. Powell [D.C.] 38 F.Supp. 183). It has once again been held that relief may not be had at equity (Totus v. United States [D.C.] 39 F.Supp. 7; Stone v. Christensen [D.C.] 36 F.Supp. 739), and that a writ of habeas corpus will not issue except where petitioner shows that the local board acted in an arbitrary or capricious manner or denied a fair hearing (United States ex rel. Ursitti v. Baird [D.C.] 39 F.Supp. 872; . United States ex rel. Errichetti v. Baird [D.C.] 39 F. Supp. 388). Certiorari, moreover, has again been ruled out as a method of proceeding against a local board (Petition of Soberman [D.C.] 37 F.Supp. 522)."

mine finally, in any given case, whether or not a registrant is, in fact, a regular or duly ordained minister. Unless, therefore, a registrant can show that the classification was made contrary to law, or that the board lacked jurisdiction, then I do not think the courts have any right to review. Especially is this so when the matter arises in connection with the registrant's standing criminal trial. If the matters raised in defense here are permitted, then any registrant may refuse to obey the order of the board, await indictment, and so have a court or court and jury pass on his classification. This would, it is obvious, "lead practically to a judicial selective service ultimately." I rule specifically that in the trial of this case for violation of the Act this court has no right to review or disturb the findings of fact made by the Local and Appeal Boards. That finding was that the defendant was not a regularly ordained minister. Thus, Di Lorenzo is guilty under the statute of failing to report in accordance with the board's order.