## UNITED STATES v. CLAUS.

### No. 3615–C.

District Court, W. D. New York.

July 31, 1944.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., for plaintiff.

Marvin M. Marcus, Jr., of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Defendant herein has been indicted for his failure to appear for induction, contrary to the provisions of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq. He is an Iroquois Indian, of the Mohawk Tribe, whose reservation is the Grand River Reservation, at Brantford, Ontario, Canada.

Based on his questionnaire wherein he stated himself to be a resident of the city of Buffalo, Erie County, New York, defendant was classified 1A by the local Selective Service Board. Upon appeal the classification was sustained.

Defendant has also registered as an alien, with his residence stated to be at Buffalo. For the last few years he has been employed as a painter by a Buffalo contractor.

■■ Defendant has filed a Plea in Bar which must be denied for the reason that the classification made is final, if it is not arbitrary, capricious and is not a denial of substantial justice. United States v. Mroz, 7 Cir., 136 F.2d 221; Rase v. United States, 129 F.2d 204, 207; Seele v. United States, 8 Cir., 133 F.2d 1015; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; United States v. Goff, 4 Cir., 135 F.2d 610; Graf v. Mallon, 8 Cir., 138 F.2d 230; United States v. Messersmith, 7 Cir., 138 F.2d 599. Nor can defendant be granted relief because he, as an Indian, is given particular rights by the Jay Treaty, Article 3, 8 Stat. 117, and is not subject to the provisions of the Selective Training and Service Act, in that he is not an "alien" within the scope of the Selective Service Law. "It is agreed that it shall at all times be free to his Majesty's subjects, and to the citizens of the United States, and also to the Indians dwelling on either side of the said boundary line, freely to pass and repass by land or inland navigation, into the respective territories and countries of the two parties, on the continent of America." (The only other reference to Indians on the treaty deals with duty of entry rights.)

■ Nothing is found in the foregoing excerpt from the treaty that sustains defendant's claim. Even if this or some other treaty did grant alien Canadian Indian registrants an exemption from military service, it would be superseded and abrogated by the Selective Training and Service Act of 1940 as amended. "The effect of treaties on acts of Congress, when in conflict, is not settled by the Constitution. But the question is not involved in any doubt as to its proper solution. A treaty may supersede a prior act of Congress, and an act of Congress may supersede a prior treaty." The Cherokee Tobacco, 78 U.S. 616, 11 Wall. 616, 621, 20 L.Ed. 227. Vide: Totus v. United States, D. C., 39 F.Supp. 7; Summertime v. Local Board,

D. C., 248 F. 832; Head Money Cases, (Edye v. Robertson) 112 U.S. 580, 5 S.Ct. 247, 28 L.Ed 798.

Similar in aspect to this case is Ex Parte Green, 2 Cir., 123 F.2d 862, certiorari denied 316 U.S. 668, 62 S.Ct. 1035, 86 L.Ed. 1744. There it was decided that a member of the Iroquois Confederacy was subject to the Selective Service Act. The defense there was that defendant was a member of an independent Nation by virtue of the treaties at Fort Stanwix in 1784, at Fort Harmar in 1789 and at Canandaigua in 1794. The defense there, as here, was rejected.

The case of United States ex rel. Diabo v. McCandless, D. C., 18 F.2d 282, which was called to my attention through the efforts of the Indian Defense League of America is inapplicable here. That case merely is authority for the proposition that American Indians are not members of alien Nations so that their admission is regulated by then existing immigration laws.

The plea must be dismissed.