## ALBANY v. UNITED STATES.
### No. 9990.

Circuit Court of Appeals, Sixth Circuit.
Nov. 12, 1945.

Francis K. Young, of Detroit, Mich., for appellant.

Vincent Fordell, of Detroit, Mich. (John C. Lehr and Kenneth D. Wilkins, both of Detroit, Mich., and Fred E. Strine, of Washington, D. C., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and FORD, District Judge.

### PER CURIAM.

The appellant complains of his conviction and sentence upon an indictment charging him with violating § 11 of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 311, by failing to report to his local Board for induction into the Army, and in a second count by failing to keep the Board informed of a change of address. His defense was that he is a full-blooded Mohawk Indian belonging to the Caughnawaga Tribe of Mohawk Indians which are a part of the Six Nations or Iroquois Confederacy, born on the Indian Reservation at Caughnawaga in the province of Quebec, Canada, and that he had registered under the Canadian Military Service Act of the Dominion of Canada and had there been exempted from service in the military forces of the Dominion under Canadian law.

The record clearly shows that the appellant registered for military service in the United States on February 16, 1942, with Local Draft Board #23, Detroit; that he was at the time of registration a resident of the United States, though not a citizen thereof and had not declared his intention to become a citizen. Section 3(a) of the Selective Service Act, 54 Stat. 885, 50 U.S.C.A. Appendix § 303(a), originally provided for the registration and service only of male citizens of the United States and male aliens who had declared their intention to become citizens. This section was amended, however, on December 20, 1941, 55 Stat. 845, 50 U.S.C.A. Appendix § 303(a), to include "every other male person residing in the United States." At the time of registration, Albany was clearly liable for service and induction into the Army unless exempted by his status as a full-blooded Canadian Indian.

The argument here presented in support of the appellant's alleged exemption, is similar to that rejected in Ex parte Green, 2 Cir., 123 F.2d 862, and is based upon the status of the Iroquois Confederacy as an independent nation having treaty arrangements with the government. It was in the Green case held that where domestic statutes conflict with an earlier treaty, the statutes must control. Head Money Cases, Edye v. Robertson, 112 U.S. 580, 5 S.Ct. 247, 28 L. Ed. 798. It is true that in Green's case he was made a citizen by the Citizenship Act of 1924, 43 Stat. 253, and by the Nationality Act of 1940, 54 Stat. 1137, 8 U.S.C.A. § 501 et seq., and so as a citizen came within the scope of the Selective Service Act, notwithstanding treaties with the Iroquois Confederacy, assuming that the terms of such treaties exempted him from obligation to serve in the military forces of the United States, though this the court did not decide. Albany is not a citizen but by a parity of reasoning he is subject to serve as an alien resident under the terms of the 1941 amendment, notwithstanding any treaty status, if such there be.

We are of the view that the Green case was rightly decided, and follow it.

The Green decision was found applicable to a Canadian Indian, resident in the United States, by District Judge Knight, in the unreported case of United States v. Delos Earl Claus, D.C., 63 F.Supp. 433, decided July 31, 1944, in the Western District of New York. The reasoning there is likewise persuasive.

The judgment is affirmed.