Ex parte FUSTON.

(District Court, E. D. Tennessee, S. D. May 22, 1918.)

1. ARMY AND NAVY ☞20—SELECTIVE SERVICE ACT—LOCAL BOARD—JURISDICTION.

Under Selective Service Act, § 5, declaring that any person who shall willfully fail or refuse to register shall be guilty of a misdemeanor, and shall upon conviction be punished, and shall thereupon be duly registered, a local board, authorized to determine questions of exemption, has no jurisdiction to investigate on its own motion the question of the age of a person who had not registered and place him on the draft list, though he asserted he was not within the age limits prescribed.

2. ARMY AND NAVY ☞20—SELECTIVE SERVICE ACT—AUTHORITY OF BOARDS.

In view of the regulations thereunder, Selective Service Act, § 4, declaring that local boards shall have power to determine all questions including or discharging individuals, does not confer on such boards the power to determine whether an individual subject to the act failed to register.

In the matter of the petition of S. D. Fuston for writ of habeas corpus. Petition granted, and petitioner discharged.

J. H. Turner, of Nashville, Tenn., for petitioner.
Wm. Baxter Lee, Asst. U. S. Atty., of Knoxville, Tenn., for respondent.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

## Memorandum Opinion.

SANFORD, District Judge. The petitioner was arrested by the sheriff of Dekalb county, Tenn., under an order issued by the local board of said county, finding that he had failed to report for military duty, as ordered, with the willful intent to evade military service, and directing that he be delivered to the commanding officer at Fort Oglethorpe for further action by the military authorities.

The petition for the writ of habeas corpus alleged that the petitioner was more than 31 years of age at the time provided for registration under the Selective Service Act (Act May 18, 1917, c. 15, 40 Stat. 76); that the local board was without jurisdiction or authority over him; and that he was illegally arrested and restrained under its aforesaid order.

Without referring to minor matters in respect to which the regularity and validity of the proceedings before the local board are challenged by the petitioner, the underlying and undisputed facts are these: The petitioner did not register under the Selective Service Act on the registration day, June 5, 1917. Later the local board, receiving information that the petitioner was under 31 years of age and subject to registration, in effect demanded that he register. Being advised that he would be subject to criminal prosecution for failure to register, the petitioner thereupon in 1918, filed a registration card with the local board and also partially filled out and filed with the board answers to two questionnaires. Both his registration card and the questionnaire accompanying same were filed under protest, and both on the face of the registration card and in his answers to the questionnaires, he stated his age as 33 years. The petitioner also filed affidavits as to his age with the board, tending to support his contention that he was more than 31 years of age. The board considered these affidavits and other statements obtained by them, and determined that he was under 31 years of age. Then, being of opinion that having failed to register on June 5, 1917, he was, under section 65 of the Selective Service Regulations, to be treated as one "who has been convicted of failure to register" and had thereby lost the right to deferred classification, without passing upon his alternative application for deferred classification on account of having dependents, he was ordered to report immediately for military duty. This he did not do; and the board thereupon ordered his arrest, as above stated, for delivery to the commanding officer at Fort Oglethorpe as a deserter.

[1] On this state of facts, I am of opinion that the local board was entirely without jurisdiction in the premises. The Selective Service Act confers upon the local board merely jurisdiction to determine the questions of exemption and the like of persons within the registrable age who have been duly registered. It confers upon it no authority whatever over persons not within the registrable age, and none to investigate, of its own motion, the question of age of a person who has not registered and to place him upon the draft lists in the event it determines that he is in fact of registrable age. The registration card and the questionnaires filed by the petitioner showed on their face

that he was more than 31 years of age on June 5, 1917, and therefore not subject to registration. Regardless, therefore, of the fact that these papers were filed under protest, they conferred upon the board, on their face, no jurisdiction in the premises, and showed, on the contrary, on their face, that the petitioner was not within the jurisdiction or subject to the authority of the board.

The Selective Service Act contains only one provision for the involuntary registration of persons who have not registered, namely, that embraced in the provision of section 5 of the act, that

"any person who shall willfully fail or refuse to present himself for registration or to submit thereto as herein provided, shall be guilty of a misdemeanor and shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished by imprisonment for not more than one year, and shall thereupon be duly registered: Provided, that in the call of the docket precedence shall be given, in courts trying the same, to the trial of criminal proceedings under this act."

It is entirely plain that the provision that such persons shall "thereupon" be duly registered relates only to persons who shall have been convicted in the court of the offense of willfully failing or refusing to register; the verdict of the jury and the judgment of the court determining the fact that they were subject to registration and resulting "thereupon" in their automatic registration. Aside from the plain and unmistakable meaning of the language itself, there is no provision for the investigation aliunde of the question of liability to registration by the local board or any other body; the sole provision being that when the fact of willful failure or refusal to register shall have been conclusively determined by conviction in the court, then, as stated, registration shall automatically follow, the liability to registration having thus been conclusively determined.

I am unable to agree with the opinion of the Acting Judge Advocate General that the phrase "shall thereupon be duly registered" is to be disassociated from the preceding reference to criminal conviction, but, on the contrary, entirely agree with the view of the assistant to the Attorney General, referred to in the opinion of the Judge Advocate General, that the enforced registration referred to in this section refers only to the registration which follows a prior conviction. The argument that as some persons subject to registration might be willing to take the chance of a criminal prosecution in order to avoid registration, this construction leaves the selective service law incomplete in such cases, cannot justify the court in supplying an omitted provision of the law, however desirable this may be; the function of the court extending merely to construction and not to legislation. However, the infrequency of cases of this character leads me to the conclusion that the unfortunate results of such construction which are apprehended, are not of the serious practical consequence attributed to them in argument.

This not only appears to be the construction of this clause given by the Department of Justice, but to be uniform construction given to the law in its administration up to this time; there being, so far as I am aware, no previous instance in which a local board has placed

upon the registration lists, as a result of its own investigation, and without a previous conviction, a person who asserted that he was in fact not subject to registration and whose registration card on its face conferred upon it no jurisdiction.

[2] I have, I may add, not overlooked the fact that section 4 of the Selective Service Act provides that the local boards

"shall have power within their respective jurisdictions, to hear and determine, subject to review as hereinafter provided, all questions of exemption under this act, and all questions of or claims for including or discharging individuals or classes of individuals from the selective draft, which shall be made under rules and regulations prescribed by the President."

It is, however, unnecessary to determine the scope of this provision, since, whatever may be embraced under the broad power of "including" individuals in the selective draft, such authority is, under the plain terms of the act, only to be exercised under rules and regulations prescribed by the President, and none of the rules or regulations prescribed by the President authorize the local boards to investigate upon their own initiative the question of liability to registration of a person who has not voluntarily registered, or to register such persons involuntarily as a result of such investigation by it. Hence, in the absence of such rule or regulation and under the very terms of the act, the local boards are not invested—even if they can be without amendment of the act—with any authority to include in the draft a person who has not voluntarily registered, as being within the registrable age and subject to the provisions of the Selective Service Act, unless he shall have been indicted and convicted of willfully failing and refusing to register, and has been "thereupon" and as a consequence of such conviction, registered, and thereby brought within the jurisdiction of the board in the matter of claims for exemption, deferred classification and the like.

I hence conclude that, under the admitted facts, as the petitioner's registration card and answers to the questionnaires showed that he was more than 31 years of age on June 5, 1917, the local board acquired no jurisdiction over him whatever, and was without authority either to investigate, of its own motion, the question of his age, or to place him on the draft list, or to adjudge him a deserter and order his arrest and delivery to the military authorities. His petition is accordingly granted, and he is ordered discharged from restraint and custody by the sheriff pursuant to the order of the local board.