## Ex parte PLATT.

### (District Court, E. D. New York. September 23, 1918.)

1. ARMY AND NAVY ⬤═◎20—SELECTIVE DRAFT LAW—DECISIONS OF LOCAL BOARD—REVIEW.

The determination of a local draft board in a case where it has authority to act is final, unless appealed to the district board or the President.

2. CERTIORARI ⬤═◎24—HABEAS CORPUS ⬤═◎66—CERTIORARI INCIDENT TO WRIT.

The writ of certiorari may be used to bring up the record, where basis for a writ of habeas corpus is shown; but the law courts have no power to issue such writ to an executive or administrative board, for the sole purpose of reviewing the correctness of its decision.

3. HABEAS CORPUS ⬤═◎16—SELECTIVE DRAFT LAW—REVIEW OF DECISION OF LOCAL BOARD.

The action of a local draft board in holding a person subject to service after a hearing on evidence is not reviewable on habeas corpus, unless it is shown that the hearing was unfair, or that there was no evidence to support the finding.

Petition of Morris Platt for writ of habeas corpus and of certiorari. Writs denied.

Edwin T. Taliaferro, of New York City, for petitioner.
Melville J. France, U. S. Atty., of Brooklyn, N. Y., opposed.

CHATFIELD, District Judge. The petitioner seeks a writ of habeas corpus and a writ of certiorari, alleging that he is an alien, born in Russia, who has never taken out first papers; that he applied to his local board in August, 1917, claiming exemption from military service on those grounds; that he later filed his questionnaire, and received, on or about August 16, 1917, a notice to the effect that he was discharged from immediate liability for military service; that shortly before July 13, 1918, he received a further notice to report before the local board, and on that day was certified for induction into the army; that on July 25, 1918, he was sent to Camp Upton, where he is now, and therefore alleges that he is in custody without authority of law.

According to the petition, the petitioner on June 21, 1918, asked his local board to reopen and reconsider his classification. He filed in support of this petition affidavits, one of which was verified July 24, 1918, evidently subsequent to notice to report for induction, and also affidavits verified June 21, 1918, which were offered to substantiate his claim of alienage. He did not appeal to the district board from the order of August 16, 1917, which he considered to be in his favor, nor does he appear to have appealed from the reclassification, which was followed by order of induction.

Two points are made in his behalf: First, that the local board could have had no evidence before it on which to base an assumption that the applicant was not a nondeclarant alien; and, second, that the decision of the local board did not make the matter res judicata, and that for this reason failure to take an appeal should not be held

binding as evidence that the petitioner acquiesced in the decision of the local board.

[1] There seems to be no merit to this second contention. The Selective Draft Law Cases, 245 U. S. 366, 38 Sup. Ct. 159, L. R. A. 1918C, 361, Ann. Cas. 1918B, 856, establish the proposition that the local board has the power to exercise certain judicial functions, even though it is not a court, and subject to the Judiciary Law as a whole. The construction of the Draft Law (Act May 18, 1917, c. 15, 40 Stat. 76), as indicating the intention of Congress, makes it certain, in the opinion of this court, that the determination of the local board is final, except by appeal to the district board or the President, in any case where the local board has authority to act. Such determination involves an exercise of judgment based upon such evidence as is before the board. It is like the determination of an executive officer or of a board of inquiry in an immigration hearing, and, when made final by Congress, is not the subject of appeal to the courts.

The question is therefore limited to the familiar proposition, based upon the decision in Angelus v. Sullivan, 246 Fed. 54, 156 C. C. A. 280, that the courts have jurisdiction over any official presuming to act under a statute, to the extent of restricting him to his powers given by that statute, and to prevent, by writ of habeas corpus, wrongful detention where the authority of that statute has been exceeded. Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040.

[2] The writ of certiorari may be used to bring up the record, where basis for a writ of habeas corpus is shown; but the law courts have no power to issue a writ of certiorari to an executive or administrative board, for the sole purpose of reviewing the correctness of the board's decision.

[3] This application, therefore, comes back to the proposition that sufficient ground is shown for the issuance of a writ of habeas corpus. The petition shows that there was a hearing upon notice to the petitioner. There was evidently a reclassification. This was a determination upon the evidence, including the petitioner's own statement before the local board. The local board, in the first place, indicated that it had deferred classification. The various reasons other than alienage, which might have entered into the situation, would have sufficiently explained this delay. But the determination that the petitioner was liable to induction was based upon a hearing on evidence, and the petition does not show that the local board disregarded all the evidence before it, that it held an unfair hearing, or that it acted upon anything except its conclusion upon the testimony and the witnesses before it.

Under these circumstances, this court sees no reason to interfere with its determination, and the application for a writ will be denied.