## LOCAL DRAFT BOARD NO. I OF SILVER BOW COUNTY, MONT., et al. v. CONNORS.

### No. 9937.

Circuit Court of Appeals, Ninth Circuit.

Dec. 13, 1941.

John B. Tansil, U. S. Atty., and R. Lewis Brown and W. D. Murray, Asst. U. S. Attys., all of Butte, Mont., Francis M. Shea, Asst. Atty. Gen., Sidney J. Kaplan, Sp. Asst. to Atty. Gen., and Martin Norr, of Washington, D. C., for appellants.

Harlow Pease and John K. Claxton, both of Butte, Mont., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This matter is before us upon a motion entitled "Motion to suspend preliminary injunction pending appeal, or in the alternative to set appeal down for immediate hearing and to dispense with printing of the record."

The preliminary injunction appealed from and sought to be affected by this motion was granted and issued by the Judge of the United States District Court for the District of Montana in the following circumstances:

Peter Larry Connors, as plaintiff, filed his complaint in the referred to court in which he alleges or admits that he was registered and filed a questionnaire in accordance with the provisions of the Selective Training and Service Act of 1940, c. 720, 54 Stat. 885, 50 U.S.C.A. Appendix, § 301 et seq., in which questionnaire, "he expressly claimed the right to a deferred classification by reason of certain facts therein stated, viz.: the occupation of a college student"; that he is in all respects subject to induction into the armed forces of the United States under said Act except for a claim for deferment under the discretionary powers of the Local Board, hereinafter referred to as the "Board", and that he will be inducted into said forces unless the Board and the members thereof are restrained from proceeding with such induction.

He alleges that at all pertiment times he was and now is " * * * a college student at * * * and by reason thereof was and is entitled to have the discretion of the said defendant board exercised by the consideration of his claim for deferred classification * * * "; that he was and is, under the due process law of the land, entitled to and that it was the duty of the board to accord him a full and fair hearing on the merits in the matter of said claim for deferment; that the board refused to give him a hearing upon his said claim, and denied said claim "without hearing or trial of any kind * * * arbitrarily and capriciously and without the exercise of any discretion whatever", and ordered him "to appear for induction into the military service at ten o'clock on Monday, August 18, 1941 at Butte Montana". It is further alleged that the plaintiff caused an appeal to be taken to the State Board of Appeal and that he appealed and protested to Col. E. M. Birely,[1] Selective Service Headquarters at Helena, Montana, and that his appeal to the board "was not sustained nor any action taken to modify or annul the action of the draft board and that Col. Birely refused either to grant a hearing or to stay proceedings or otherwise act in the premises."

It is prayed that the court vacate and annul the orders, decisions and directions

[1] Although his relation to the cause is nowhere indicated in the complaint we may infer that Col. E. M. Birely is the Government Appeal Agent, as provided for in the Regulations.

of the board and that the court order the board to cease and desist from enforcing its orders regarding plaintiff's proposed induction into the armed forces of the nation and order general relief and costs.

In granting the preliminary injunction the trial court stated that it did not pass upon the merits of plaintiff's claim although the order followed the taking of evidence ranging in scope over the whole factual situation. The court stated that it was leaving the merits "for consideration and decision at a later day when all of the facts and circumstances surrounding and leading to the making of the orders complained of have been developed and presented to the Court". The restraint on the Board is by the terms of the order (we quote from it) "until the further order of this Court, or until final judgment in this action, whichever shall first be made".

■ The injuction, therefore, is interlocutory in character and preserves the status quo pending the determination at a later trial of plaintiff's claim that he has been denied due process in the Board's proceedings.

Mindful of the court's wide discretion in such a situation, it is clear that the restraint should not be disturbed at this juncture if the complaint states a cause of action within the jurisdiction of the District Court.

In plan the Selective Training and Service Act of 1940 is patterned after the Draft Act of 1917, Selective Draft Act of .1917, c. 15, 40 Stat. 76, 50 U.S.C.A. Appendix, § 201 et seq. The latter act was the subject of extensive litigation, leaving for our guidance several well considered and ably written opinions. These opinions so well cover the theory, the history and the legal basis of military service acts that we are spared the necessity of writing originally thereon. See Selective Draft Law Cases, 245 U. S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A.1918C, 361, Ann.Cas.1918B, 856.

United States ex rel. Troiani v. Heyburn, D. C., 245 F. 360, 361, was a case in which the moving party had been inducted into the military service. Although the subject matter under consideration arose by way of a petition for the writ of habeas corpus,

the following passage from the Court's opinion is concise and pertinent:

"The national defense is an absolute necessity of our existence. The people of the United States have prepared themselves for such a situation by confiding to Congress the power to declare war and to support and maintain armies for the national defense. This is necessarily a master power, to be exercised without the hampering interference of any one. The call of men to the colors is within, and necessarily within, the exercise of this power. To whom the call goes out, and who is to make an answering response, are matters germane to, and indeed necessarily involved in, the exercise of the war-making power. Questions which necessarily arise, or may be expected to arise, must be determined in some way and by some tribunal. The war-making power may therefore provide the required system and constitute the needed tribunals."

■ It is within the congressional power to call everyone to the colors. No one under the jurisdiction of the sovereign nation, whatever his or her status, is exempt except by the grace of the government. In enacting the Selective Service measure Congress made specific exemptions, and, as well, prescribed certain classifications within which exemptions and deferments may be granted. It provided, section 304, for the selection of men "in an impartial manner, under such rules and regulations as the President may prescribe, from the men who are liable for such training and service and who at the time of selection are registered and classified but not deferred or exempted" under Section 305 of the Act. The Regulations provide for classification (Regs. § XVIII), for an appearance before the Local Board (Regs. § XXVI), for an appeal to the Board of Appeal (Regs. § XXVII) and for an appeal in certain limited circumstances to the President (Regs. § XXVIII). Nowhere in the Act or in other statute is the District Court given specific authority over or concerning it. The Board's decision, under the limited appeal provided to a special Appeal Board and to the President is by the Act expressly made final.[2]

As has already been stated the gravamen of plaintiff's complaint is that he has

---

[2] United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011; Hallowell v. Commons, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409; Lane v. United States ex rel. Mickadiet, 241 U.S. 201, 36 S.Ct. 599, 60 L.Ed. 956; Oceanic Steam Navigation Co. v. Stranahan, 214 U.S. 320, 340, 29 S.Ct. 671, 53 L.Ed. 1013.

been denied due process of law in that the Board has ordered him into the service without affording him the benefit of the Board's discretion in a consideration of the petition for deferment made to the Board by him and upon his behalf.

In selecting their approach to the solution of problems with the far reaching effect that the decision in this appeal may have, it has often taxed the good judgment of the courts to determine whether to place their decisions upon the narrow ground of lack of the statement of facts sufficient to constitute a cause of action, assuming for the point only that the pleader's theory of the case brings it within the court's jurisdiction, or upon the broader ground that the trial court was without jurisdiction of the subject matter where both of these issues exist.

If we take the latter course we shall necessarily decide whether or not the District Court has any jurisdiction whatever in a case arising under the Selective Service Act other than by way of habeas corpus.[3] We think it better not to do this where as in this case the broader question has not been satisfactorily explored in argument.

For these reasons we have first considered the narrower question and as will be seen presently have concluded that no cause of action has been stated in the complaint. Now that we are acquainted with the Selective Service Act generally and with plaintiff's requested relief together with the basis therefor, it will be necessary to examine the Act more closely for the purpose of understanding the scope of the grantable deferments under which plaintiff claims his right.

The Act provides for deferment "in no event later than July 1, 1941" of any person who, during the year 1940, entered upon attendance for the academic year 1940-1941 at any college or university which grants a degree in arts or science, etc. § 305 (f). It is apparent therefore that, since the complaint in this cause was filed August 16, 1941, or a full month and a half after deferment on the basis of being a college student could be effective, this provision is inapplicable and it will not be adverted to again.

The Act provides that "The President is authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service * * * of those men whose employment in industry, agriculture, or other occupations or employment, or whose activity in other endeavors, is found in accordance with section 10(a) (2)(310(a) (2) of this Appendix) to be necessary to the maintenance of the national health, safety, or interest". Section 10 (a) (2) contains the administrative provisions authorizing the President to prescribe the necessary rules and regulations to carry out the provisions of the Act and to create and establish the Selective Service System and provide for the classification of registrants. It is apparent that it is under this provision of the Act that the plaintiff has attempted to claim a right to deferment.

But the only persons eligible for deferment under this provision are those whose employment, etc. is found to be "necessary to the maintenance of the national health, safety, or interest". In order to be entitled to any hearing at all by the Local Board on a claim for such deferment, the registrant must first show that he is or claims to fall within this classification.

The Regulations promulgated by the President under the authority of the Act state that "It is in the national interest and of paramount importance to our national defense that civilian activities which are contributing to the national health, safety, and interest should be disrupted as little as possible, consistent with the fundamental purpose of the Selective Training and Service Act". The term "necessary man" is defined in the Regulations as follows:

"A registrant shall be considered a 'necessary man' in industry, business, employment agricultural pursuit, governmental

---

[3] Story v. Perkins, D.C., 243 F. 997, affirmed without opinion, 245 U.S. 390, 38 S.Ct. 166, 62 L.Ed. 358; Ex parte Hutflis, D.C., 245 F. 798; United States ex rel. Koopowitz v. Finley, D.C., 245 F. 871; Ex parte Beck, D.C., 245 F. 967; Ex parte Blazekovic, D.C., 248 F. 327; Summertime v. Local Board, Division No. 10, D.C., 248 F. 832; Franke v. Murray, 8 Cir., 248 F. 865, L.R.A.1918E, 1015;

United States v. Mitchell, D.C., 248 F. 997; United States v. Kinkead, 3 Cir., 250 F. 692; Ex parte Romano, D.C., 251 F. 762; Ex parte Beales, D.C., 252 F. 177; United States v. Local Exemption Board No. 157, D.C., 252 F. 245; Ex parte Fuston, D.C., 253 F. 90; Ex parte Platt, D.C., 253 F. 413; Ex parte Tinkoff, D.C., 254 F. 222; Arbitman v. Woodside, 4 Cir., 258 F. 441.

service, or in any other service or endeavor, including training or preparation therefor, only when all of these conditions exist:

"(a) He is, or but for a seasonal or temporary interruption would be, engaged in such activity.

"(b) He cannot be replaced satisfactorily because of a shortage of persons with his qualifications or skill in such activity.

"(c) His removal would cause a material loss of effectiveness in such activity."

Now, turning to the complaint, we find that the sole allegation even attempting to set up a right in the plaintiff is that he "signed and filed with defendants [Local Board] a questionnaire in which he expressly claimed the right to a deferred classification by reason of certain facts therein stated, viz., the occupation of a college student", and that "plaintiff at all times mentioned in the next preceding paragraph was, and now is, a college student at * * * and by reason thereof was and is entitled to have the discretion of the said defendant board exercised by the consideration of his claim for deferred classification * * *". This allegation alone certainly falls far short of a showing that the plaintiff was entitled to have a hearing on his request for deferment. As we have said, it is not everyone who must be granted a hearing, but only those registrants who claim under the limited right to exemption or deferment that is provided by the Act. It is apparent that the complaint as filed fails to state a cause of action within these limitations.

Since the Court proceeded to take evidence, under a show cause order, as though a cause of action was stated in the complaint, we have proceeded to search the evidence adduced to ascertain whether or not the complaint may have been or should have been considered as amended to include an allegation that the plaintiff claimed before the Board a deferment provided for by the Act, or in other words, whether he claimed to be a "necessary man".

The questionnaire to which the plaintiff referred in his complaint was presented in evidence, and shows only the following request for deferment:

"I am at present:

" X A college or university student, having entered upon attendance for the academic year 1940–1941 at * * * on Sept. 2 1940. This college or uni-
(Month) (Day)

versity is located at * * * I am pursu-
(Place)
ing a course of study involving 17 hours
(Number)
attendance per week leading to the Bachel-
(Name
or of Arts & Eng. * * I do request
of degree or certificate) (Do, do not)
that if I am selected for training and service, my induction be postponed until the end of the present academic year, which ends on May 27, 1941."
(Month) (Day)

It thus appears that so far as this questionnaire is concerned, no request for deferment as a "necessary man" was made— the request being merely that the student be deferred until May 7, 1941. It is apparent that this request was granted, for the plaintiff was not ordered inducted until August 18, 1941, according to the allegations of his complaint. This questionnaire does not aid plaintiff in stating a cause of action.

There was also introduced into evidence a document signed by P. J. Connors, and entitled "Claim for deferred classification by person other than registrant", which it was testified had been filed with the Appeal Board. The document reads:

"I hereby claim deferred classification for Peter Lawrence Connors, Order No. 65, based on the following facts:

"for the following reason:

"First, that this boy earned a scholarship in * * * on his ability as a football player. Otherwise, he would not have been financially fixed to pay his way through the University.

"Second, he has three years and only one more year before he graduates. If this opportunity is taken away from him, you are taking away from him everything that he has worked for and the one thing that he wanted is his degree.

"Third, if this boy is put in the Army for one year, we have not got the money, nor will he have the money to return to college and complete his course.

"Fourth, next year is his banner year as a football player, and the only opportunity he will ever have to become a professional, something that every boy looks forward to in his last year in college.

"Therefore, I am asking as sincerely as I can that this matter be deferred and my son given an opportunity to graduate before he enters the Army.

"Hoping that the Board will give this matter their deepest consideration in their capacity as a Board of Appeal.

"My relationship or association with the named registrant is Father.

"I, P. J. Connors, do solemnly swear (or affirm) that the above facts are true."

The only other evidence in the record as to a possible claim of the plaintiff for deferment is found in the testimony of the registrant's mother. She testified that she personally appeared before the Board and requested deferment for her son. The following is a quotation from her testimony:

"I told him [one of the Board members] I wanted him [plaintiff] deferred, that he was a graduate of 1942, and that with his degree that he was capable of being an athletic coach and that would mean his living, and I begged him to defer him. I said we are not evading the draft. I am asking to let my son finish his last year in college, something I have always hoped."

Again it will be noted that in neither the written request for deferment filed by the registrant's father, nor the oral request by the mother, was there any mention or claim that the registrant was a "necessary man" for the national health, safety or interest, as defined by the Regulations. Instead, the entire basis for the requested deferment is the individual hardship to the registrant should he be selected for service prior to his completion of his college education.

■ The Selective Service and Training Act is conceived upon the basis of an impartial method of selecting the nation's military personnel from the nation's citizenry and residents for the benefit of the national welfare and not primarily from the viewpoint of an individual's interest or preference. It may be entirely laudable that a student should desire to finish his schooling uninterrupted by his nation's call. It is not surprising that parents wish their sons to go on to graduation. But war's necessities do not wait upon these desires.

As stated by the majority of the Appeal Board in its decision affirming the action of the Local Board, "Every boy attending school has some objective; but unfortunately the Selective Service Act takes into account only the interest of the country as a whole in national defense and if deferment because of inconvenience to the individual or interference with his plans

could be granted but few registrants would be required to enter training".

■ In our opinion the complaint fails to state a cause of action. We arrive at this conclusion as well whether we consider the complaint as filed or whether we assume that the complaint has been amended to conform to the proof taken at the show cause hearing, which, as has been seen, fully and in detail reveals the basis of the claimed deferment. The issuance of the injunction, in such circumstance, was "the result of an improvident exercise of judicial discretion." Myers v. Bethlehem Shipbuilding Corporation, 303 U. S. 41, 58 S. Ct. 459, 464, 82 L.Ed. 638.

The District Court is directed to dissolve the temporary restraining order issued by it against the Local Board and to take such further proceedings in the cause as may be deemed proper.