**COX v. UNITED STATES.**

**THOMPSON v. SAME.**

**ROISUM v. SAME.**

Nos. 10917, 10928, 10942.

Circuit Court of Appeals, Ninth Circuit.

Oct. 4, 1946.

Dellmore Lessard, of Portland, Or., and Hayden C. Covington, of Brooklyn, N. Y., for appellants.

Theron L. Caudle, Asst. Atty. Gen., Robert S. Erdahl and Irving S. Shapiro, Attys., Dept. of Just., both of Washington, D. C., and John A. Carver, of Boise, Idaho, and Henry L. Hess, of Portland, Or., U. S. Attys., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

These cases were heretofore decided, but upon petition of the United States this court set aside its decision and withdrew its opinion and ordered the cases resubmitted upon the original briefs and argument, supplemented by the briefs filed for and against the petitions for rehearing.

Wesley William Cox and Theodore Romaine Thompson were indicted by a United States Grand Jury in the District of Idaho, Eastern Division, under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 311. Wilbur Roisum was indicted by a United States Grand Jury in the District of Oregon under the same statute. Each of the indictees was tried, convicted and sentenced, and each has appealed to this court from the judgment and sentence. The three appeals are submitted to us for decision upon a consolidated brief and oral argument for appellants and upon separate briefs for appellee.

Each appellant, a registrant under § 302, was classified (§ 310) as a conscientious objector [§ 305 (g)], and was ordered to a civilian camp, there to perform such work of national importance (§ 309a) as he should be directed to perform. After various happenings, which we need not here relate, each registrant proceeded to camp. Within fifteen or twenty minutes after arriving, Cox and Thompson left without

permission and intentionally remained away. After Roisum arrived at camp, he was given a limited leave of absence and intentionally remained away after his leave had expired.

All requirements to reception in camp as selectees had been met. Unlike acceptance into the armed forces, which entails a ceremony of induction, whereby the registrant ceases to be a civilian, a conscientious objector undergoes no change in his status as a civilian by becoming a selectee in a camp.

Each appellant claimed that he had obeyed all administrative orders directed to him and that he was under no lawful restraint whatever, as he saw it, since his claimed status as a duly ordained Jehovah's Witness minister of religion exempted him from any training or service under the Act and from the jurisdiction of a board to issue any order directed to him. Section 305(d) acts to exempt "regular or duly ordained ministers of religion" from training or service but not from registration.

Appellants' claims as to exemption were at all time consistently, persistently and openly made by each registrant. These claims were the subject of competent proof to the boards through the registrants' questionnaires, and evidence was presented at board hearings that, although the registrants were conscientiously opposed to war by reason of religious training and belief, they were ministers, and requests were made for classification as such. Notwithstanding all of this, say the appellants, the boards treated their claims as ministers, arbitrarily and capriciously, and proceeded to classify them as conscientious objectors.

At the trials all of the proffered evidence relevant to each registrant's claimed status as a minister was received by the courts, and as to each instance it was determined that there was substantial evidence before the boards upon which they based their classification. In each instance the court instructed the jury that they were not to consider such evidence for any purpose whatever. The evidence presented as to the showing to the boards was competent and substantial. In each case the appropriate steps were taken entitling the registrant to maintain his appeal.

■■■■ It is settled that the defense in the trial under § 311 upon this phase of the case can only go to the jurisdiction of the board [1] or to the inquiry as to whether or not the board discriminated against the registrant or considered his case arbitrarily or capriciously. While the courts have the power to convict or acquit in accordance with the evidence on these issues, they have no power to try the issue of classification de novo. Since in each case under treatment in this opinion the evidence on the classification issue before the board was shown to be substantially in support of the classification found by the board, the court was not in error in instructing the jury to disregard it entirely.

■■■■ As stated by Mr. Justice Frankfurter in his opinion, concurring in the decision but not in the opinion of the majority of the court in Estep v. United States and Smith v. United States, 1946, 66 S.Ct. 423, the controversial doctrine of jurisdiction of fact, treated in Crowell v. Benson, 1932, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 is suggested. That is, since ministers of religion are exempted from any service, the registrant under trial for violating § 311 may show the fact to be that he is a minister of religion and not merely that the evidence before the board was in substantial support of the board's classification. It will be recalled that it was decided in the latter case and other similar cases [2] that findings of fact of an administrative agency which go to the jurisdiction of the agency and which affect constitutional rights are not conclusive and may be tried by the courts de novo. Where only statutory rights are

[1] Estep v. United States, and Smith v. United States, 66 S.Ct. 423; Billings v. Truesdell, 1944, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917; Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 205.

[2] See Ng Fung Ho v. White, 1922, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938; Borax, Ltd., v. Los Angeles, 1935, 296 U. S. 10, 56 S.Ct. 23, 80 L.Ed. 9; St. Joseph Stock Yards Co. v. United States, 1936, 298 U.S. 38, 56 S.Ct. 720, 80 L. Ed. 1033.

involved, as in our cases (ministers of religion have no *constitutional* rights to exemption from military or other service), the findings of fact are final if substantially supported by evidence before the agency. See South Chicago Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.[3]

Finding no error in any one of the three cases treated in this opinion, the judgments are affirmed.

Affirmed.

[3] See also Railroad Com'n v. Rowan & Nichols Oil Co., 1941, 311 U.S. 570, 61 S.Ct. 343, 85 L.Ed. 358; Local Draft Board No. 1 v. Connors, 9 Cir., 1941, 124 F.2d 388; Gudmundson v. Cardillo, 1942, 75 U.S.App.D.C. 230, 126 F.2d 521; Goff v. United States, 4 Cir., 1943, 135 F. 2d 610; United States v. Messersmith, 7 Cir., 1943, 138 F.2d 599.